## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE : HANGTIME TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL NO. 2563 |

## EMILY KOZLOW'S RESPONSE TO HANGTIME, INC.'S
## MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1407

Emily Kozlow ("Kozlow"), Plaintiff in *Kozlow v. Hangtime, Inc.*, No. 3:14-cv-2249 (N.D. Ca.), through her attorneys, submits this brief in response to the Motion for Transfer of Action to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (Doc. #1) of Hangtime, Inc. ("Hangtime").

## I.  BACKGROUND

On May 15, 2014, Kozlow filed a complaint against Hangtime in the Northern District of California, Case No. 3:14-cv-2249 (the "*Kozlow* Action"). In her Complaint, Kozlow alleges that she received an unsolicited text advertisement from Hangtime. Kozlow asserts claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *See Kozlow* Complaint (Doc. #1). Kozlow seeks to represent all persons nationwide who received an unsolicited text advertisement from Hangtime. *Id.* The *Kozlow* action was filed in the Northern District of California, where Hangtime's headquarters are located and where all of the evidence and witnesses related to all of the actions against Hangtime ("Related Actions") reside.

On January 16, 2014, *Goodman v. Hangtime, Inc.* was filed, alleging violations of the TCPA in the Circuit Court of Cook County, Illinois. Hangtime then removed the action to the Northern District of Illinois on February 13, 2014, Case No. 1:14-cv-1022 (the "*Goodman* Action"). The *Goodman* Plaintiffs alleged a violation of the TCPA in relation to the mass texting advertisement campaign initiated by Hangtime. The *Goodman* Plaintiffs seek both injunctive relief and actual and statutory damages. (*Goodman* Complaint ¶4). The *Goodman* Plaintiffs seek to represent all persons nationwide who received the text and were not agents or employees of Hangtime. Id. ¶ 26. The nationwide class in the *Goodman* action is the same class sought to be certified in the *Kozlow* action.

On February 19, 2014, *Salam v. Hangtime, Inc.* was also brought in the Northern District of Illinois alleging similar violations of the TCPA, Case No. 14-cv-1252 (the "*Salam* Action"). In its suit, *Salam* also named an additional defendant, Buc Mobile, Inc., d/b/a Hook Mobile, Inc. ("Hook Mobile"). Hangtime's counsel, Goodwin Procter LLP, also represents Hook Mobile. *Salam* then filed an amended complaint in the Northern District of Illinois on March 4, 2014. In the *Salam* Action, Plaintiffs allege nearly identical claims against Hangtime, claiming that Hangtime violated the TCPA by sending unsolicited text messages to wireless telephones of consumers. (*Salam* Amended Complaint ¶¶ 13-29). Just as in the *Kozlow* Action and the *Goodman* Action, Plaintiffs in the *Salam* Action seek to represent a nationwide class. *Id.* ¶ 30.

On February 26, 2014, a third action, *Sims v. Hangtime, Inc.*, was filed in the District of Massachusetts alleging nearly identical claims as *Goodman* and *Salam*, Case No. 14-cv-10427 (the "*Sims* Action"). The *Sims* Plaintiffs filed a complaint alleging that Hangtime sent unsolicited text messages to consumers' phones in violation of the TCPA and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.  (*Sims* Complaint ¶¶ 1-4). The *Sims* Plaintiffs seek to represent not only a nationwide class under the TCPA, but also a subclass consisting of class members residing within the Commonwealth of Massachusetts. *Sims* Complaint ¶¶ 21-22. The nationwide class that the *Sims* Plaintiffs seek to represent consists of the same class members represented in the *Kozlow*, *Goodman* and *Salam* Actions. Moreover, the subclass that the *Sims* Plaintiffs seek to represent overlaps with the class members represented in the *Kozlow*, *Goodman* and *Salam* Actions.

On June 16, 2014, Hangtime filed its motion to transfer all Related Actions to the Northern District of California with the Judicial Panel on Multidistrict Litigation ("JMPL"). On June 17, 2014, one day after Hangtime filed a motion with the JPML to consolidate the Related Actions, the *Goodman* Plaintiffs filed a motion with the Court for leave to file an amended complaint and add an additional party-plaintiff. *See Plaintiff Goodman's Motion for Leave to Amend Complaint to Add Additional Party-Plaintiff* (Doc. #21). Then on June 20, 2014, the *Sims* Plaintiffs moved for a voluntary dismissal without prejudice. *See Plaintiff's Motion for Voluntary Dismissal Without Prejudice* (Doc. #16). The *Goodman* Plaintiffs subsequently filed an amended complaint that joined the *Goodman* and *Sims*

Plaintiffs. *See First Amended Class Action Complaint and Demand for Jury Trial* (Doc. #32). Finally, on July 7, 2014, the *Goodman* Plaintiffs filed a motion to consolidate the *Goodman* Action and *Salam v. Hangtime, Inc. See Plaintiff's Combined Motion to Relate, Reassign, and Consolidate the Salam Matter* (Doc. #33). The coordination of the Plaintiffs in *Goodman*, *Sims* and *Salam* appears to have reduced the potential transferee districts to two, one being the Northern District of Illinois, which they favor, and the other being the Northern District of California, which Plaintiff Kozlow favors, and is Hangtime, Inc.'s headquarters and the likely home of all necessary discovery for the four Related Actions.[1]

All four actions center on the same legal issue[2] – Hangtime's sending of unsolicited text advertisements to consumers – and involve identical facts. Each action makes the same central allegation – that Hangtime violated the TCPA by sending unsolicited text advertisements to consumers. *See Kozlow* Complaint (Doc. #1); *Sims* Complaint (Doc. #1-4); *Salam* Amended Complaint (Doc. #9); *Goodman* Amended Complaint (Doc. #32). Moreover, all four actions purport to be nationwide class actions on behalf of anyone who received a text message from Hangtime.

Furthermore, all actions seek injunctive relief requiring Hangtime to cease sending unsolicited text messages, as well as an award of statutory damages to the plaintiffs and putative class members. The *Kozlow* Action was filed in the Northern

---

[1] All four cases are still active, and in *Sims v. Hangtime, Inc.*, the District Court of Massachusetts has yet to rule on the *Sims* Plaintiffs' *Motion for Voluntary Dismissal Without Prejudice*.

[2] The Plaintiffs in *Sims* also alleged an additional cause of action – that Hangtime violated Massachusetts Unfair Competition Law, M.G.L. c.93A. This claim, however, is based on the same factual allegation that Hangtime sent an unsolicited text messages to plaintiffs without obtaining plaintiffs' prior consent.

District of California, where Hangtime is located, thus facilitating easier and more cost-effective discovery. Moreover, the Northern District of California has less Multidistrict Litigation ("MDL") actions pending than the Northern District of Illinois, and, consequently, would provide a more expedient resolution to the Related Actions. To that end, the Related Actions should be transferred to the United States District Court of Northern California for consolidated pretrial proceedings with the *Kozlow* Action.

## II.   <u>ARGUMENT</u>

If the Panel chooses to exercise its authority pursuant to 28 U.S.C. § 1407 to transfer these actions, then it should be to the United States District Court for the Northern District of California.  As demonstrated below, transfer of these actions is appropriate because the actions involve common questions of fact and their consolidation would promote judicial economy and would serve the convenience of the parties.  Therefore, the Panel should transfer the cases to the United States District Court for the Northern District of California for coordinated pretrial proceedings.

### A.   Transfer of the Actions for Coordinated Pretrial Proceedings is Appropriate.

Transfer of actions pending in different judicial districts for consolidation and coordination of pretrial proceedings is appropriate when such actions involve "one or more common questions of fact" and transfer of the actions "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407 (a).  The pending actions meet these criteria.

5

They involve common questions of fact, the transfer will serve the convenience of the parties and witnesses, and the transfer will promote judicial economy.  Because this case concerns violations of the TCPA, it is particularly suited for consolidated pretrial proceedings.  There are at least seven groups of cases based on TCPA violations that have recently been transferred for consolidated pretrial proceedings under 28 U.S.C. § 1407.  *See e.g. In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litig.*, MDL No. 2513, 2014 WL 709767 (J.P.M.L. Feb. 18, 2014); *In re Monitronics Int'l, Inc., Telephone Consumer Protection Act Litig.*, MDL No. 2493, 2013 WL 6705167 (J.P.M.L. Dec. 16, 2013); *In re Convergent Telephone Consumer Protection Act Litig.*, MDL No. 2478, 2013 WL 5596117 (J.P.M.L. Oct. 8, 2013); *In re Capital One Telephone Consumer Protection Act Litig.*, 908 F. Supp. 2d 1366 (J.P.M.L. 2012); *In re Enhanced Recovery Co., LLC, Telephone Consumer Protection Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012); *In re Portfolio Recovery Assocs., LLC, Telephone Consumer Protection Act Litig.*, 846 F. Supp. 2d 1380 (J.P.M.L. 2012); *In re Midland Credit Mgmt., Inc., Telephone Consumer Protection Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011).  Although these cases do not specifically concern unsolicited text advertisements, the factual and legal issues that made them suited for centralization are substantially similar to those in the present actions.

### 1.      Each action involves common questions of fact.

It is appropriate to transfer actions that involve common questions of fact for consolidated pretrial proceedings. *See In re Enhanced Recovery Co., LLC,*

*Telephone Consumer Protection Act Litig.*, 899 F. Supp. 2d 1382 (finding transfer under Section 1407 appropriate because the actions "share[d] factual questions arising out of allegations that ERC violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to plaintiffs' cell phones using an automated system, without the plaintiffs' consent").

Here, all of the actions are centered on the same facts.  Each alleges that Hangtime violated the TCPA by sending unsolicited text advertisements to consumers without their prior consent.  *See Kozlow* Complaint (Doc. #1); *Sims* Complaint (Doc. #1-4); *Salam* Amended Complaint (Doc. #9); *Goodman* Amended Complaint (Doc. #32).  Resolution of these claims will center on all of the same facts, documents, and witnesses relating to how the text advertisements were disseminated and whether Hangtime obtained consent as required by the TCPA. Therefore, the actions should be transferred pursuant to 28 U.S.C. § 1407.

>    **2.    Transfer of the actions will conserve judicial resources and serve the convenience of the parties and witnesses.**

Transfer under 28 U.S.C. § 1407 is appropriate where it will serve the convenience of the parties and witnesses, eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.  *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litig.*, 2014 WL 709767, at *1 (finding that transfer under Section 1407 would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation.").

Here, transfer under Section 1407 will serve the convenience of the parties, witnesses, and judiciary as well as conserve resources. All four of these actions center on the same facts, and would require the same discovery demands and witnesses. If these cases are not consolidated, Hangtime would be subjected to duplicative discovery demands and witnesses would be required to sit for redundant depositions. Furthermore, concurrent litigation in four separate courts in different states involving the exact same claims exposes the members of the putative class to a risk of inconsistent factual and legal findings. This will result in redundant and unnecessary litigation that will unduly take up judicial time and resources. To that end, transfer of all the actions for pretrial coordination is the most efficient and convenient option.

> ### 3. Transfer of the actions will promote their just and efficient conduct.

Transfer under Section 1407 is appropriate when it will promote the just and efficient conduct of the actions, such as avoiding inconsistent rulings regarding class certification. *See In re Convergent Telephone Consumer Protection Act Litig.*, 2013 WL 5596117, at *1 (finding transfer under Section 1407 appropriate to "prevent inconsistent pretrial rulings, including with respect to class certification."). In fact, "transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Ind. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975). Centralization can be beneficial even when there are only a few actions to consolidate. *In re Convergent Telephone Consumer Protection Act Litig.*, 2013 WL 5596117, at *1; *In re Enhanced*

*Recovery Co., LLC, Telephone Consumer Protection Act Litig.*, 899 F. Supp. 2d at 1382.

Here, a transfer will promote the just and efficient conduct of the actions by eliminating the risk of inconsistent rulings, especially with respect to class certification.  These actions involve the same putative class members, as all four plaintiffs seek to represent a nationwide class of consumers who received unsolicited text messages from Hangtime. *See Kozlow* Complaint (Doc. #1); *Sims* Complaint (Doc. #1-4); *Salam* Amended Complaint (Doc. #9); *Goodman* Amended Complaint (Doc. #32).  Therefore, there is a high risk of the very inconsistent class determinations that Section 1407 was created to avoid.  The existence of these overlapping classes illustrates that the actions should be consolidated for pretrial proceedings to ensure their just and efficient conduct, and to avoid the possibility of inconsistent class determinations.  *See In re: Discover Card Payment Prot. Plan Mktg. & Sales Practices Litig.*, MDL 2217, 2011 WL 484285 at *1342-3 (centralizing four overlapping class actions, three of which were brought on behalf of nationwide classes). Finally, each of the actions affected by Hangtime's MDL petition is in its infancy; no action can claim an advanced status or posture that would be negatively impacted by a transfer.  To that end, all Relevant Actions should be transferred under Section 1407 to the Northern District of California for consolidated pretrial proceedings.

**B.**  **The Northern District of California is the Appropriate Transferee Forum.**

Transfer of all actions to the Northern District of California is appropriate because Hangtime is headquartered there, and it is the location where discovery related to the sending of unsolicited text advertisements at issue in this case is likely to occur. *See In re Sony Gaming Networks and Customer Data Security Breach Litig.*, 802 F. Supp. 2d at 1371 (finding that transfer under 1407 to the Southern District of California appropriate where "discovery related to the data breaches, [sic] may be located in this district, where defendant … is based" and where its "employees who may have relevant knowledge of the breaches may also be found…"); *In re Zappos.com, Inc., Customer Data Security Breach Litig.*, MDL 2357, 867 F. Supp. 2d 1357, 1358 (June 13, 2012); *In re RBS Worldpay, Inc., Customer Data Security Breach Litig.*, MDL 2035, 626 F. Supp. 2d 1322, 1322 (June 9, 2009).

Here, Hangtime, Inc. is headquartered in San Francisco, California. Therefore, the Northern District of California will likely be the location of Hangtime, Inc.'s employees responsible for the transmission of text advertisements to the class, the servers that stored the numbers of class members who received the text advertisements, and other potentially relevant documents and witnesses. This is especially true due to the nature of the Related Actions, as they all center solely on the conduct of Hangtime technology and Hangtime employees, all of which will be found in in Hangtime's headquarters in San Francisco. Further, it would serve the convenience of the parties and witnesses to litigate in the District where evidence is likely to be found.

Also, the Northern District of California is currently host to a large number of TCPA cases. See, e.g., *Miller v. EDSOUP.com, LLC*, Case No. 3:14-cv-01277 (N.D. Cal.); *Atebar v. Hawthorne Labs, Inc.*, Case No. 5:14-cv-01285 (N.D. Cal.); *Atebar v. TextMe, Inc.*, Case No. 14-cv-01139-NC (N.D. Cal.); *Rodriguez v. Bebe Stores, Inc.*, Case No 3:14-cv-01968 (N.D. Cal.); *Chen v. Regents of the University of California*, Case No. 5:14-cv-02312 (N.D. Cal.); *Harnish v. Tictoc Planet, Inc.*, Case No. 5:14-cv-02327 (N.D. Cal); *Roylance v. ALG Real Estate Serve.*, Case No. 5:14-cv-02445 (N.D. Cal.); *Huricks v. Shopkick, Inc.*, Case No. 4:14-cv-02464 (N.D. Cal.). This familiarity with the issues involved in TCPA cases would allow for an efficient and thorough analysis of the cases at bar.

More importantly, the Northern District of California is much less congested than the Northern District of Illinois, and therefore would deliver a more expedient result to the Related Actions. As of June 16, 2014, the Northern District of California has twenty-six (26) MDL cases pending before it. http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-16-2014.pdf.  Comparatively, the Northern District of Illinois has forty (40) MDL cases pending before it. *Id.* Thus, it would better serve the efficiency of the proceedings for the Panel to consolidate these actions in the Northern District of California, where there are less cases pending, and therefore a greater likelihood that the Related Actions will be resolved sooner.

The Northern District of California is also the most appropriate forum for this litigation because Judge Yvonne Gonzalez Rogers, the assigned judge in *Kozlow*

*v. Hangtime, Inc.*, is an experienced judge with expertise in MDL litigation, class action litigation, and TCPA cases.   Judge Gonzalez Rodgers served as a California Superior Court judge from 2008 to 2011, and was appointed a U.S. District Court judge in 2011.  *See* Ex. A.  Judge Gonzalez Rodgers is currently presiding over two MDLs, *IN RE: Air Crash at San Francisco, California, on July 6, 2013* and *IN RE: Lithium Ion Batteries Antitrust Litigation*.  Judge Gonzalez Rogers also has significant experience presiding over class action cases, and has decided 20 motions for class certification.  *See* Ex. B.

Judge Gonzalez Rogers presided over *Pimental v. Google Inc.,* C-11-02585-YGR, 2012 WL 691784 at *3 (N.D. Cal. Mar. 2, 2012), which was a class action case involving allegations that Google, Inc. and Slide, Inc. violated the TCPA by sending unsolicited text messages.  In *Pimental* Judge Gonzalez Rogers adjudicated the matter within a little over two years, including resolving challenges to the pleadings and overseeing a class settlement approval process.  *See* Ex. C.  Judge Gonzalez Rogers is also currently presiding over multiple TCPA class action cases, including *Hopwood v. Nuance Communications, Inc.*, *Meyer v. Bebe Stores, Inc.,* and *Lofton v. Verizon Wireless.  See* Ex. D.  Given Judge Gonzalez Rogers' experience presiding over MDLs, class action cases, and TCPA cases, the Northern District of California is the most appropriate forum for this litigation.

## III.  CONCLUSION

Transfer of these actions under 28 U.S.C. § 1407 is appropriate because each action involves common questions of fact, and transfer would conserve judicial

resources, serve the convenience of the parties and witnesses, and promote just and efficient conduct by avoiding inconsistent rulings.  The Northern District of California is the appropriate transferee forum as it is the location of Hangtime's headquarters, as well as all necessary evidence and witnesses. Moreover, the Northern District of California is host to numerous pending actions concerning the TCPA, and thus would be well-equipped to handle the case at bar.  The Northern District of California is also the most appropriate transfer district because Judge Yvonne Gonzalez Rogers in the Northern District of California is an experienced judge with expertise in MDL litigation, class action litigation, and TCPA cases. Therefore, Kozlow requests that the Panel enter an order transferring the Related Actions, as well as any subsequently filed related actions, to the United States District Court for the Northern District of California for consolidated pretrial proceedings.

Respectfully submitted,

/s/ Richard J. Doherty

Richard J. Doherty
James M. Smith
Bock & Hatch, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500

*Counsel for Emily Kozlow*

## <u>PROOF OF SERVICE</u>

Pursuant to Rule 4.1 (a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on July 8, 2014, the foregoing was filed using the Panel's CM/ECF system, which automatically sends copies of such filing electronically to all counsel of record.

<u>/s/ Richard J. Doherty</u>