UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HANGTIME, INC., TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                                  MDL No. 2563


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Hangtime, Inc. (Hangtime) moves for centralization of this litigation in the Northern District of California. This litigation currently consists of four actions pending in the Northern District of California, the Northern District of Illinois, and the District of Massachusetts, as listed on Schedule A. Plaintiffs in these actions allege that Hangtime violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited commercial text messages to plaintiffs' wireless telephones, without the plaintiffs' consent, using an automatic telephone dialing system.

Counsel for Hangtime has informed the Panel that its co-defendant in one of the actions pending in the Northern District of Illinois—Buc Mobile, Inc. d/b/a Hook Mobile, Inc.—supports the motion. The motion also is supported by the plaintiff in the action pending in the Northern District of California. Plaintiffs in the other three actions, however, oppose centralization. Alternatively, should we decide that centralization is appropriate, the opposing plaintiffs suggest centralization in the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions unquestionably share some common factual questions relating to allegations that Hangtime (or third parties on its behalf) sent unsolicited commercial text messages to plaintiffs' wireless telephones using an automatic telephone dialing system, without the plaintiffs' consent. At this point, though, there are effectively only two pending actions at issue, each of which involve a common defendant. The two Illinois actions have been consolidated and the Massachusetts plaintiff (Sims) has been added to the Illinois actions as a named plaintiff. Sims also has moved to voluntarily dismiss his action in the District of Massachusetts, and that court has indicated it will grant the motion without prejudice to him continuing to pursue his claims in the consolidated Illinois action.

Where only a minimal number of actions are involved, the proponent of centralization bears

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

-2-

a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Hangtime has not met that burden here. These cases are not particularly complex and, as there are only two actions pending, voluntary cooperation and coordination among the parties and the involved courts seems a preferable alternative to centralization. Although Hangtime contends that cooperation regarding discovery matters has been lacking to date, discovery in these actions has only just begun. There is no reason informal cooperation or coordination cannot occur in this litigation, and we encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

IN RE: HANGTIME, INC., TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                     MDL No. 2563

## SCHEDULE A

<u>Northern District of California</u>

KOZLOW v. HANGTIME, INC., C.A. No. 4:14−02249

<u>Northern District of Illinois</u>

GOODMAN v. HANGTIME, INC., C.A. No. 1:14−01022
SALAM v. HANGTIME, INC., C.A. No. 1:14−01252

<u>District of Massachusetts</u>

SIMS v. HANGTIME, INC., C.A. No. 1:14−10427